# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

MUSTAFA KHALID SYED,                          §
                                             §
                    Plaintiff,                §
                                             §
VS.                                          §        MISC ACTION NO. H-06-0506
                                             §
MICHAEL CHERTOFF, *et al.,*                   §
                                             §
                    Defendants.               §

## MEMORANDUM AND ORDER

The plaintiff, Mustafa Khalid Syed, was lawfully admitted to this country in November 1996 and in March 2004 filed an application for naturalization with the Department of Homeland Security, United States Citizenship and Immigrations Services. In August 2004, he successfully completed written tests and is waiting for the result of his mandatory national security background check. He has been waiting for the FBI to complete that check. In December 2006, Syed filed this suit under 8 U.S.C. § 1447(b), asking this court to adjudicate his pending application and grant him naturalization or, in the alternative, to remand his case for prompt adjudication by CIS. The government has moved to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure because CIS cannot process the naturalization application until the FBI completes the background check and the courts lack the resources or capabilities to conduct naturalization functions, including national security background investigations. Alternatively, the government has moved to remand with general instructions that the CIS adjudicate the naturalization application as expeditiously as possible

upon the FBI's completion of the background check.  After reviewing the pleadings, and the applicable law, this court remands this case with instructions that the defendant instruct the FBI to complete the security check within 120 days of this order and that the CIS promptly adjudicate  the application once the background check is completed.

Under the applicable provisions of the Immigration and Nationality Act (the "INA") and the governing regulations, the general requirements for obtaining citizenship through naturalization specify that "[n]o person . . . shall be naturalized" unless the applicant meets the following criteria:

> (1)  immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . . ;
>
> (2)  has resided continuously within the United States from the date of the application up to the time of admission to citizenship; and
>
> (3)  during all the periods referred to in this subsection has been and still is a person of good moral character. . . .

8 U.S.C. § 1427(a).  Subject to certain exceptions not at issue here, an applicant must demonstrate an understanding of the English language, including the ability to read, write, and speak words in ordinary usage.  8 U.S.C. § 1423(a)(1).  An applicant must also pass tests on American history and government.  8 U.S.C. § 1423(a)(2).  Congress has also mandated background checks of each applicant for national security reasons.  *See* Pub.L. No. 105-119, Title I, Nov. 26, 1997, 111 Stat. 2448, set forth in the historical and statutory notes to 8 U.S.C. § 1446.

2

Once an application for naturalization is filed, CIS "shall conduct an investigation of the applicant." 8 C.F.R. § 335.1.  Once that investigation is completed, each applicant must appear in person before a CIS officer designated to conduct "examinations" under 8 C.F.R. § 335.1.  Before this "initial examination," the regulations require that the FBI complete a criminal background check.  *See* 8 C.F.R. § 335.2(b).  The "examination" includes questioning by the officer about matters the applicant has included in the written submissions in addition to tests administered to the applicant on English literacy and basic knowledge of the history and government of the United States.  8 C.F.R. § 335.2(c).  "A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under §§ 335.2."  8 C.F.R. § 335.3(a).

As noted, Syed had his  interview in August 2003.  To date, immigration officials have yet to make a determination on his application under 8 U.S.C. § 1446.  Syed argues that his interview constitutes an "examination" and that, because of the extended delay, this court has jurisdiction to determine his application under 8 U.S.C. § 1447(b), which provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  Because more than 120 days have passed since his interview, Nguyen asks this court to assume jurisdiction and to adjudicate his pending application for naturalization under section1447(b).

Most district courts have held that the interview date triggers the 120-day time period under section 1447(b).  *See, e.g., Nguyen v. Gonzalez*, 2007 WL 713043 (S.D. Tex. 2007); *Manzoor v. Chertoff*, –F.Supp.2d ----, 2007 WL 413227 (E.D. Va. Feb.5, 2007); *Khelifa v. Chertoff,* 433 F.Supp.2d 836, 840-41 (E.D.Mich.2006); *El-Daour v. Chertoff,* 417 F.Supp.2d 679, 681-82 (W.D. Pa. 2005); *Castracani v. Chertoff,* 377 F.Supp.2d 71 (D.D.C.2005); *Essa v. U.S. Citizenship and Immigration Services,* Civil No. 05-1449, 2005 WL 3440827 (D. Minn. Dec. 14, 2005) (unpublished); *Shalan v. Chertoff,* Civil No. 05-10980, 2006 WL 42143 (D. Mass. Jan.6, 2006) (unpublished); *Al-Kudsi v. Gonzales,* Civil No. 05-1584, 2006 WL 752556 (D. Or. March 22, 2006) (unpublished); *Daami v. Gonzales,* Civil No. 05-3667, 2006 WL 1457862 (D. N.J. May 22, 2006) (unpublished); *Meyersiek v. U.S. Citizenship and Immigration Service,* Civil No. 05-398, 2006 WL 1582397 (D.R.I. June 6, 2006) (unpublished); *Khan v. Chertoff,* Civil No. 05-560, 2006 WL 2009055 (D. Ariz. July 14, 2006) (unpublished); *Affaneh v. Hansen,* Civil No. 06-267, 2007 WL 295474 (S.D. Ohio Jan. 29, 2007) (unpublished); *Hussein v. Gonzales,* Civil No. 06-497-32, 2007 WL 328691 (M.D. Fla. Jan.31, 2007) (unpublished).

Consistent with this approach, this court finds that 8 U.S.C. § 1447(b) provides that the "examination" occurs on the date of the applicant's interview, triggering the 120-day determination period.  Because more than 120 days have passed since Syed's interview, this

4

court has jurisdiction under section 1447(b). The statute limits that jurisdiction, however. 8 U.S.C. § 1447(b).  For the reasons stated by a number of district courts reviewing the same issue, this court declines to adjudicate the naturalization application.  As the courts have noted, federal courts cannot conduct background checks of naturalization applicants, particularly not in the volume required.  *Manzoor v. Chertoff*, ---F.Supp.2d ----, ----, 2007 WL 413227, *2 (E.D.Va. Feb.5, 2007) (reporting that the FBI processed more than 3.4 million background checks in fiscal year 2006 and that the CIS is unable to complete its adjudications timely because the volume delays the FBI's work).

The majority of courts to consider petitions similar to Syed's remand to the CIS with instructions that it promptly adjudicate the plaintiff's application on receipt of the completed national security background check.  *See Manzoor,* 2007 WL 413227, *8 (collecting cases); *see also Eng v. Chertoff,* Civil Action No. H-06-1302, 2006 WL 2442894 (S.D.Tex. Aug.21, 2006) (remanding to CIS).  This court remands this case to the CIS with instructions that the Attorney General direct the FBI to complete the background on the application of Mustafa Khalid Syed and deliver the results to the CIS within 120 days of the date this order is issued. The CIS will in turn make a prompt determination on Syed's application.

Based on the above, the petition for a hearing on the plaintiff's naturalization application under 8 U.S.C. § 1447(b) is denied.  This case is remanded to CIS with instructions that  the defendant Attorney General must direct the FBI to complete a name check on the application of Mustafa Khalid Syed and deliver the name check results to the CIS within 120 days of the date this order is issued.  The CIS will in turn make a prompt

5

determination on Syed's application. This miscellaneous case is dismissed without prejudice.

It may be reinstated if further court review is necessary.

SIGNED on April 9, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

6